IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DASILVA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF MONTANA; CASCADE COUNTY EIGHTH JUDICIAL DISTRICT COURT AND OFFICIALS IN THEIR OFFICIAL CAPACITY; JOEL THOMPSON, DEPUTY COUNTY ATTORNEY; JOHN PARKER, DEPUTY COUNTY ATTORNEY, <br><br> Defendants. | CV-15-06-GF-BMM-JTJ <br><br> ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Mr. DaSilva filed a Motion to Proceed in Forma Pauperis and submitted an affidavit in support. Doc. 1. The request to proceed in forma pauperis will be granted, but the Complaint should be dismissed because Mr. DaSilva has failed to name a proper defendant.

I. **Jurisdiction and Venue**

Mr. DaSilva filed this action in federal court, in the Great Falls Division of the District of Montana. Doc. 2. Venue in the Great Falls Division of the District of Montana is proper because Mr. DaSilva resides in Cascade County, Montana. 28 U.S.C. §1391(e); Local Rule 1.2(c)(3). The Court has personal jurisdiction

1

over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A). Read liberally, the Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. §§ 1331, 1343(a). This case was assigned to United States District Judge Brian Morris, and referred to the undersigned.

## II. Motion to Proceed in Forma Pauperis

Mr. DaSilva submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Doc. 1. Mr. DaSilva may proceed in forma pauperis, and the filing fee is waived. 28 U.S.C. §1915(a).

## III. Status

Mr. DaSilva was incarcerated for five years following a conviction in state court. Doc. 2-2. On May 15, 2014, United States District Court Judge Donald W. Molloy issued an order concluding that the state trial court violated Mr. DaSilva's due process rights. Judge Molloy granted in part Mr. DaSilva's petition for a writ of habeas corpus. *Robert Ayres DaSilva, Jr., v. Warden Sam Law, Attorney General of the St. of Mont.*, CV 13-25-GF-DWM-RKS, Doc. 34 (May 15, 2014). In his Complaint, Mr. DaSilva now seeks damages for "post tramatic [sic] stress, unconstitutional incarceration of 5 years, due process, and liberty [lost]." Docs. 2-1, 2-2 at 1.

Because Mr. DaSilva is proceeding in forma pauperis, the Court must screen

his Complaint before it is served on the defendants. The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. This is that review.

## IV. Standards

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The Court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d

3

1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. A district court, however, should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Eleventh Amendment**

The Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity for money damages absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). However, states, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

**Prosecutorial Immunity**

Prosecuting attorneys "are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (internal citations omitted)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986)).

V. **Analysis**

In the Complaint, Mr. DaSilva names as Defendants the State of Montana, an official of the Eighth Judicial District Court, Deputy County Attorney Joel Thompson, and Deputy County Attorney John Parker. The State of Montana has Eleventh Amendment immunity from suit in federal court, as does the state judicial

5

official. *See Idaho*, 521 U.S. at 267–268 (1997); *Will*, 491 U.S. at 65, 71 (1989).

The deputy county attorneys are likewise immune from suit because of prosecutorial immunity. *See Burns*, 500 U.S. at 486. Thus, the Complaint fails to name a defendant who is not immune from suit.

## VI. Conclusion

The Complaint should be dismissed for failing to name a proper defendant. Leave to amend would be futile because the Court cannot fathom a proper defendant for these claims.[1] Therefore,

It is **ORDERED:**

1. Mr. DaSilva's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED," and the Complaint is deemed filed on January 13, 2015.

3. At all times during the pendency of this action, Mr. DaSilva MUST

---

[1] Mr. DaSilva's petition for a writ of habeas corpus was granted in part because the trial court deprived him of his right to demand that a jury find him guilty of all the elements of a crime with which he was charged. *DaSilva*, CV 13-25-GF-DWM-RKS, Doc. 34 at 6. However, a judge would not be a proper defendant as judges are entitled to judicial immunity for judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991) (A judge is generally immune from a suit for money damages).

6

immediately advise the Court of any change of address. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

4. Mr. DaSilva's Motion for a Gag Order (Doc. 3) is **DENIED** as **PREMATURE**.

It is **RECOMMENDED**:

Mr. DaSilva's Complaint be **DISMISSED** with prejudice. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**NOTICE OF RIGHT TO OBJECT TO
FINDINGS & RECOMMENDATIONS AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. DaSilva may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.[2] Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The

---

[2]As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 15th day of January, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge