

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DASILVA, JR., | CV 15-06-GF-SPW |
| Plaintiff, | |
| vs. | OPINION and ORDER |
| STATE OF MONTANA; CASCADE COUNTY EIGHTH JUDICIAL DISTRICT COURT AND OFFICIALS in their official capacities; JOEL THOMPSON, Deputy County Attorney; and JOHN PARKER, Deputy County Attorney, | |
| Defendants. | |

Plaintiff Robert DaSilva brings this action pro se and seeks money damages stemming from a vacated conviction. United States Magistrate Judge John Johnston issued Findings and Recommendations in which he recommends that DaSilva's Complaint be dismissed. DaSilva timely objected and attempts to add additional defendants. After a de novo review, this Court adopts Judge Johnston's Findings and Recommendations and dismisses the Complaint.

**I. Factual and Procedural Background**

DaSilva was convicted after a jury trial for failing to register as a sex offender in state district court in October 2009. *Robert Ayres DaSilva, Jr. v.*

1

*Warden Sam Law, et al.*, CV 13-25-GF-DWM-RKS, Doc. 32 at 7 (D. Mont. April 16, 2014). DaSilva was sentenced to the Montana State Prison for five years, and the Montana Supreme Court affirmed his conviction. *Id.* The state district court and the Montana Supreme Court also denied DaSilva's petitions for post-conviction relief. *Id.*

On May 15, 2014, United States District Court Judge Donald W. Molloy granted in part DaSilva's petition for writ of habeas corpus and vacated the judgment entered by the state court. *Robert Ayres DaSilva, Jr. v. Warden Sam Law, et al.*, CV 13-25-GF-DWM-RKS, Doc. 34 at 7 (D. Mont. May 15, 2014). Judge Molloy concluded that the state court violated DaSilva's due process rights by refusing to allow the jury to consider an essential element of the charged offense. *Id.* at 6. While the State initially renewed proceedings against DaSilva, *see Robert Ayres DaSilva, Jr. v. Warden Sam Law, et al.*, CV 13-25-GF-DWM-RKS, Doc. 54 (June 23, 2014), the state district court ultimately dismissed the case "in the interests of justice." (Doc. 2-4 at 7).

DaSilva filed the instant action on January 13, 2015. In the Complaint, DaSilva seeks damages for "post tramatic [sic] stress, unconstitutional incarceration of 5 years, due process, and liberty [lost]." (Docs. 2-1, 2-2 at 1). DaSilva initially listed the following defendants: (1) the State of Montana; (2) Cascade County District Court and Officials; (3) Joel Thompson, Deputy County

2

Attorney, in his official capacity; and (4) John Parker, Deputy County Attorney, in his official capacity. (Doc. 2 at 1).

Since DaSilva proceeds in forma pauperis, Judge Johnston screened the Complaint before serving the Defendants. *See* 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. Judge Johnston concluded that the Eleventh Amendment to the United States Constitution barred DaSilva's claims against the State of Montana and the Cascade County District Court. (Doc. 6 at 5-6). Judge Johnston also found that the deputy county attorneys enjoy prosecutorial immunity. (*Id.* at 6). Accordingly, Judge Johnston recommended that this Court dismiss DaSilva's Complaint. (*Id.* at 7).

DaSilva timely objected. (Doc. 7). In his objection, DaSilva also includes "Amended Defendants" in his caption. With exception of the State of Montana, all of the "Amended Defendants" are sued in their "professional, individual, and official capacities." The "Amended Defendants" include: (1) the State of Montana; (2) Eighth Judicial District Court officials; (3) "Steve Bullock (2009) Attorney General of Montana;" (4) Tim Fox, Attorney General of Montana; (5) Joel Thompson and John Parker, Deputy County Attorneys for Cascade County; (6) Great Falls Police Department John and Jane Does; and (7) Warden Sam Law and other Department of Corrections and Montana State Prison officials. (*Id.* at 1).

3

DaSilva does not provide an explanation as to why he added the additional defendants.

## II. Standard of Review

This Court is required to review de novo the portions of the Findings and Recommendations to which DaSilva objects. 28 U.S.C. § 636(b)(1)(B). DaSilva only challenges Judge Johnston's legal conclusions that the defendants are entitled to immunity.

## III. DaSilva's objection to the Findings and Recommendations

DaSilva objects to Judge Johnston's conclusion that Eleventh Amendment and prosecutorial immunities apply to the initially named defendants. DaSilva argues that Judge Johnston erred in not conducting the proper qualified immunity analysis. Judge Johnston did not err, as qualified immunity is a separate concept from Eleventh Amendment immunity and prosecutorial immunity.

Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In contrast, the Eleventh Amendment protects states from suits brought by citizens in federal court. *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001). One exception to this rule is if a state waives its Eleventh Amendment defense. *Id.* While the

4

State of Montana has waived its sovereign immunity against tort actions filed in state court, Mont. Code Ann. § 2-9-102, it has not waived its sovereign immunity for actions filed in federal court, *State of Montana v. Gilham*, 133 F.3d 1133, 1139 (9th Cir. 1998). Since the Eleventh Amendment protects the State of Montana and its agencies from tort lawsuits in federal court, a qualified immunity analysis is unnecessary.

In addition, prosecutors are absolutely immune for actions taken in judicial proceedings. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). Here, the alleged tortious actions taken by the prosecutors, Joel Thompson and John Parker, occurred at DaSilva's trial. Accordingly, Thompson and Parker are protected from this suit by prosecutorial immunity. An analysis under qualified immunity would be unnecessary and improper.

## IV. The "Amended Defendants"

Because DaSilva included them in his objection, Judge Johnston did not have the opportunity to consider whether DaSilva can state a claim against the "Amended Defendants." DaSilva never amended his Complaint to include causes of action against the additional defendants. Because courts should liberally construe pro se pleadings, this Court will still consider whether DaSilva could state a claim against any of the "Amended Defendants" for violating his due process rights at his trial.

5

### A. Steve Bullock and Tim Fox

The first additional defendants are Steve Bullock and Tim Fox. Bullock was the Montana Attorney General at the time of DaSilva's conviction and his unsuccessful appeal to the Montana Supreme Court. Fox is the current Montana Attorney General.

Prosecutorial immunity extends to state attorney generals. *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009). Since Bullock and Fox were acting within the scope of their duties as criminal prosecutors during DaSilva's trial and the appeals process, they are entitled to prosecutorial immunity from DaSilva's claims. For the same reason that the Complaint is dismissed against Thompson and Parker, DaSilva cannot state a claim against Bullock and Fox.

### B. Great Falls Police Department John and Jane Does, Warden Sam Law, and Department of Corrections and Montana State Prison officials

DaSilva includes unknown Great Falls Police officers, unknown officials from the Department of Corrections and the Montana State Prison, and Warden Sam Law in his additional defendants. Sam Law is the warden at the Crossroads Correctional Center in Shelby, MT. Nowhere in his Complaint or his objection does DaSilva allege any facts that these additional defendants were involved in the state district court's legal error that led to his conviction. Accordingly, DaSilva does not state a claim upon which relief can be granted as to the Great Falls Police

6

officers, officials from the Department of Corrections and the Montana State Prison, and Warden Sam Law.

**V. Possible claims against the "Amended Defendants"**

In DaSilva's Complaint, the only claim alleged is for the violation of his due process rights due to his conviction. As discussed above, none of the defendants listed by DaSilva can be named in the lawsuit. However, if the Court liberally construes some allegations contained in the Complaint in conjunction with the "Amended Defendants" listed in his objection, DaSilva may be able to assert additional claims. Specifically, DaSilva alleges that while in the custody of the Department of Corrections, an official unjustifiably assaulted him and injured his shoulders and wrists. (Doc. 2-2 at 8). DaSilva alleges that while he was recovering from his wounds from the assault, staff of Crossroads Correctional Center forced him to sleep on the floor and refused to allow DaSilva to wear a sling. (*Id.* at 8-9). Finally, DaSilva alleges that while at the Montana State Prison, he became "deathly ill," yet prison officials refused to give him medical assistance. (*Id.* at 9). These allegations may be liberally construed as supporting claims under the Eighth Amendment to the United States Constitution.

Rather than allow DaSilva to amend his Complaint to include new allegations against the "Amended Defendants," this Court is going to dismiss the Complaint. If DaSilva wants to pursue those additional claims, he should file

separate actions. There are several reasons why this Court will not allow DaSilva to amend his Complaint.

First, if the objection is construed as a motion to amend his Complaint, DaSilva did not comply with the Local Rules. L.R. 15.1 provides that a party moving to amend a pleading must attach the proposed pleading as an exhibit to the motion. DaSilva did not attach a proposed amended complaint to his objection.

Second, DaSilva names the Department of Corrections and the Montana State Prison as defendants. Both entities are entitled to Eleventh Amendment immunity. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). If DaSilva opts to file new suits, he must name individual defendants. *Id.*

Third, while pro se plaintiffs should generally be granted an opportunity to amend their pleadings, *Id.*, a party cannot change the theory of his case after a Magistrate Judge files Findings and Recommendations, *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). If the Court allowed DaSilva to amend his Complaint to include the Eighth Amendment claims, then the action would bear little resemblance to the due process claim contained in the original Complaint.

DaSilva should be mindful that the three year statute of limitations applies to his claims. Mont. Code Ann. § 27-2-204(1); *see also Wilson v. Garcia*, 471 U.S.

8

261 (1985). In addition, DaSilva may not be able to sue the officials at the Department of Corrections, the Montana State Prison, and the Crossroads Correctional Center together in one action. Instead, DaSilva may have to sue each facility's officials together, e.g. the officials at the Montana State Prison as the defendants in one suit. *See Poulson v. Attorney General of the State of Montana, et al.*, CV 14-185-M-DLC-JCL, Doc. 9 at 5-7 (D. Mont. Jan. 12, 2015) (refusing to allow the plaintiff to bring claims against officials in three separate facilities in the same lawsuit); and *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## VI. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED:

1. Judge Johnston's Findings and Recommendations (Doc. 6) are ADOPTED IN FULL.

2. DaSilva's Complaint (Doc. 2) is DISMISSED with prejudice.

3. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 25th day of February, 2015.

SUSAN P. WATTERS
United States District Judge